**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4164**

———————

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

        versus

SARAH ARLENE WHITLOCK,

                                  Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   Margaret B. Seymour, District
Judge.   (6:01-cr-00705-MBS)

———————

Submitted:  July 28, 2006          Decided:  August 23, 2006

———————

Before KING, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sarah Arlene Whitlock appeals a district court judgment revoking her supervised release and sentencing her to thirteen months' imprisonment. On appeal, Whitlock's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming there are no meritorious issues on appeal, but raising the question of whether the district court consulted 18 U.S.C. § 3553(a) (2000) before imposing sentence. Whitlock filed a brief claiming ineffective assistance of counsel. She also claimed the prosecutor misrepresented information in the presentence investigation report. Finding no error, we affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2006). We find the court did not abuse its discretion in revoking supervised release. Before United States v. Booker, 543 U.S. 220 (2005), we reviewed a sentence imposed upon revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). This court has not yet decided whether, after Booker, the proper standard is reasonableness. However, Whitlock's revocation

sentence was within the advisory Chapter 7 revocation range of 7-13 months and can be affirmed under either standard.

With respect to Whitlock's issues, a claim of ineffective assistance of counsel must first be raised in the district court in a motion under 28 U.S.C. § 2255 (2000), unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively show counsel was ineffective, we decline to address this claim at this time. Whitlock failed to show error with respect to the other claims.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Whitlock's judgment. This court requires counsel to inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny Whitlock's motion to expedite the appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED